NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 3, 2008
Decided September 8, 2008

Before

KENNETH F. RIPPLE, Circuit Judge

DANIEL A. MANION, Circuit Judge

MICHAEL S. KANNE, Circuit Judge

No. 05-4632

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *Plaintiff-Appellant*, | |
| v. | No. 05 CR 79 |
| JOHN W. JOINTER, | **Larry J. McKinney**, *Judge.* |
| *Defendant-Appellee*. | |

ORDER

The Supreme Court has granted John Jointer's petition for a writ of certiorari, vacated the judgment and remanded this case to us for reconsideration in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). *See Jointer v. United States*, 128 S. Ct. 855 (2008).

On October 7, 2005, Mr. Jointer pleaded guilty to a four-count indictment that charged him with three counts of distribution of five grams or more of crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and one count of possession with intent to distribute five or more grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). In sentencing Mr. Jointer, the court made the following statement concerning the base offense level used for calculation of offenses involving crack cocaine:

> Now, I am concerned about a sentencing consistency across the country, and I am concerned about the 100 to 1 disparity of crack cocaine to powder. And I think it is fair for me, at a sentence, to reflect on why it was that the 100 to 1 began and what scientific evidence there was for Congress to conclude that 100 to 1 in the Guidelines . . . was appropriate. There was the fear that the addiction was greater to crack cocaine, that the harm was greater caused by crack cocaine. And, as we have proceeded, as science has proceeded to address those issues over the course of the years there is less and less evidence that there is a difference in the high and there is a difference in the addiction . . . . The literature is replete with evidence that what we thought was-or what Congress thought was an appropriate disparity might not be so wise today because of the better science that we have.

Sent. Tr. at 11-12.. Because the court believed the original rationale for the 100:1 ratio was based on faulty assumptions, it decided to employ a 20:1 ratio in sentencing Mr. Jointer. The court remarked that it was employing the ratio that the United States Sentencing Commission had recommended "with wisdom and ... a nod to science." *Id.* at 12. The resulting range was 70 to 87 months' imprisonment; the court chose a term at the top of the range, 87 months, to reflect both the seriousness of the offense and Mr. Jointer's criminal history.

On appeal, we reversed the district court's judgment because, when imposing Mr. Jointer's sentence, it had not adhered to the methodology set forth in the Sentencing Guidelines, specifically the 100:1 ratio of powder to crack cocaine. We therefore remanded for resentencing, specifically, calculation of the base offense level using the ratio set forth in the Guidelines. Mr. Jointer petitioned for certiorari, and the Supreme Court vacated our judgment and remanded the case to us in light of *Kimbrough*.

After remand, we ordered the parties to file statements pursuant to Circuit Rule 54 indicating their position as to what action ought to be taken by this court on remand.

Mr. Jointer requested remand to the district court with an order to reinstate his 87-month sentence. The Government requested that we remand the case to the district court for resentencing.

As with other *Kimbrough* remands, this case is "complicat[ed]" by the fact that, as of March 3, 2008, defendants have been able to seek reduction of their sentence consistent with the Sentencing Commission's reduction in the powder to crack ratio used in the Guidelines. *See United States v. Taylor*, 520 F.3d 746, 748 (7th Cir. 2008). Although in this case the district court did not employ the 100:1 ratio, and its actions appear consistent with *Kimbrough*, we believe that remand, as opposed to reinstatement of the existing sentence, is the appropriate course. The district court may well have felt more constrained by the ratio than it otherwise would have if it had understood the ratio to be only advisory.

Accordingly, we remand the case to the district court for consideration of a modification of sentence pursuant to 18 U.S.C. § 3582(c) and the current sentencing guidelines, or alternatively, for resentencing under *Kimbrough*.

REMANDED